**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1132 DOC (JEMx)                          Date: November 15, 2010

Title: NS HOLDINGS LLC INC. et. al. v. AMERICAN INTERNATIONAL GROUP INC. et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO COMPEL ARBITRATION AND FOR STAY

      Before the Court is a Motion to Compel Arbitration Pursuant to the Federal Arbitration Act and For Stay filed by Defendants American International Group, Inc. et. al. in the above-captioned case ("Motion") (Docket 22). After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS the Motion.

**I.    BACKGROUND**

      The facts, according to the First Amended Complaint, are as follows. Plaintiffs, NS Holdings, LLC; Nicholas Family Trust; Nicholas Laboratories, LLC; Level 7, LLC; Nicholas Holdings LLC and Henry T. Nicholas (collectively, "Plaintiffs") were issued a consecutive series of insurance policies from Defendants, American International Group, Inc. ("AIG") and American International Specialty Lines Insurance Company ("AISLIC"), with Chartis Claims ("Chartis") acting as AISLIC's claims administrator (AIG, AISLIC and Chartis hereinafter, collectively, "Defendants"). Defendants insured Plaintiffs for the costs of defense and/or indemnity costs for suits brought by individuals against Plaintiffs relating to their employment by Plaintiffs. All claims were to be submitted to Defendant AIG, but the policies were under the name of Defendant AISLIC.

      In December 2009, Plaintiffs tendered to AIG seven claims. AIG denied all of them. Plaintiffs believe that the written denial was a standardized form and that Defendants did not conduct

any investigation on their claims. In the letter, Defendants stated that the reason for denial was that Plaintiffs had failed to meet the notice requirement under Plaintiffs' policy. The letter recited a notice requirement, however, that allegedly did not reflect the true notice requirement under Plaintiffs' policy. Plaintiffs claim that Defendants intentionally misrepresented the notice requirement to Plaintiffs in an effort to avoid paying Plaintiffs' claims. As a result, Plaintiffs brings claims for (1) breach of contract, (2) declaratory judgment, (3) tortious breach of the covenant of good faith and fair dealing, (4) interference with contractual relations and (5) unfair competition.

Pursuant to an arbitration provision in the policy agreement between Plaintiffs and AISLIC, Defendants bring the instant Motion requesting that the Court compel arbitration and issue a stay of case while the arbitration proceeds.

## II.   LEGAL STANDARD

In cases governed by the Federal Arbitration Act of 1947 ("FAA"), federal courts are empowered to compel arbitration and to stay actions arising out of disputes that are subject to an arbitration agreement. 9 U.S.C. § 3. A party aggrieved by another party's failure to submit a dispute to arbitration may petition a district court for an order compelling arbitration. 9 U.S.C. § 4. "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration . . . ." *Id.* Further, the court should then stay all arbitrable claims. 9 U.S.C. § 3 ("[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." (emphasis added)). When a case includes both arbitrable and non-arbitrable claims, the district court has discretion either to stay all the claims or to stay only the arbitrable claims and proceed with the non-arbitrable claims. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23, 103 S. Ct. 927 (1983); *United States for the Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). Therefore, on a motion to compel arbitration, courts resolve any doubts in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). However, if the arbitration clause is not enforceable as a matter of contract law, or if no agreement to arbitrate was ever actually entered into, the dispute need not be sent to arbitration. 9 U.S.C. § 2; *see also EEOC v. Waffle House*, 534 U.S. 279, 293-94, 122 S. Ct. 754 (2002). In addition, the legislature may indicate that a statutory claim is not subject to arbitration. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226-27, 107 S. Ct. 2332 (1987); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647 (1991).

## III.   DISCUSSION

## The Insurance Policy Mandates Arbitration

There are two relevant provisions in Plaintiffs' insurance policy. Section VII, Subsection A (hereinafter the "arbitration provision"), states that "any controversy arising out of or relating to this Policy or its breach shall be settled by binding arbitration in accordance with the rules of the American Arbitration Association." Later in the policy, Section VII, Subsection P (hereinafter the "service of suit provision") provides that "in the event of [the insurer's] failure to pay any amount claimed to be due hereunder, we, at your request, will submit to the jurisdiction of a court of competent jurisdiction within the United States."

According to Plaintiffs, these provisions conflict, making it unclear whether disputes under the policy are required to be submitted to arbitration or whether the policyholder retains the option of suing in federal court. Having alleged this ambiguity, Plaintiffs cite to the established rules directing courts to resolve contract ambiguities against the drafter and, in the insurance context, in favor of the insured. *See DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*, 176 Cal. App. 4th 697, 716 (2009); *Smith Kandal Real Estate v. Continental Casualty Ins. Co.*, 67 Cal. App. 4th 406, 415-16 (1998). Defendants, by contrast, interpret the two provisions as addressing different issues: the arbitration provision, in Defendants view, requires all disputes to be resolved through arbitration while the service of suit provision allows policyholders to bring suit, in the jurisdiction of their choice, in order to enforce compliance with an arbitration award. Accordingly, Defendants see the two provisions as harmonious.

The California Court of Appeals considered an almost identical dispute in *Borghos v. Certain Underwriters at Lloyd's of London*, 36 Cal. 4th 495 (2005). The *Borghos* court, after surveying case law from federal and state courts around the country, adopted the reasoning advanced by Defendants in this case. *Id.* at 502 (citing *Hart v. Orion Insurance Company*, 453 F.2d 1358, 1361 (10th Cir.1971); *West Shore Pipe Line v. Associated Elec. & Gas,* 791 F.Supp. 200, 203-204 (N.D.Ill.1992) ; *Brener v. Becker Paribas, Inc*., 628 F.Supp. 442, 451-452 (S.D.N.Y.1985); *NECA Ins., Ltd. v. National Union Fire Ins. Co.* ,595 F.Supp. 955, 957-958 (S.D.N.Y.1984); *Old Dominion Ins. v. Dependable Reinsurance*, 472 So.2d 1365, 1368 (Fla.Dist.Ct.App.1985); *cf. Geldermann, Inc. v. Stathis* 177 Ill.App.3d 414 (1988)). Specifically, the *Borghos* court found that the "two clauses do not conflict because the service of suit clause should be interpreted, in view of the presumption favoring arbitration, as intended to facilitate enforcement of the arbitration clause." *Id.*

Plaintiffs attempt to distinguish *Borghos* on the grounds that the arbitration provision at issue in *Borghos* began with the phrase "notwithstanding any other item set forth herein." Plaintiffs correctly note that the arbitration provision in this case includes no such introduction. Plaintiffs prove incorrect, however, in assuming that the "notwithstanding" language was the primary basis for the *Borghos* court's decision. Rather, the *Borghos* court approvingly cited a string of cases standing for the general proposition that provisions like the two at issue in this case do not conflict. The *Boghos* court specifically stated that "the service of suit clause should be interpreted, in view of the presumption

favoring arbitration, as intended to facilitate enforcement of the arbitration clause." *Id.* at 502. The *Boghos* court did not view the "notwithstanding" language as outcome-determinative. Rather, the court simply noted that the "notwithstanding" clause lent additional support to the court's decision, making the dispute before them "easier to resolve than the cases just mentioned." *Id.*

The Court finds the decision in *Borghos* to be both applicable and compelling. Plaintiffs' insurance policy is not ambiguous. The arbitration provision clearly provides that "***any*** controversy ***arising out of or relating to*** this Policy or its breach shall be settled by binding arbitration in accordance with the rules of the American Arbitration Association." (emphasis added). The service of suit provision, read in accordance with the presumption favoring arbitration, does not conflict with this clear statement. Rather, the service of suit provision requires Defendant insurers to submit to the jurisdiction of any court of the United States in actions to compel arbitration or to enforce arbitration awards.

### The Arbitration Provision Is Not Unconscionable

Plaintiffs next argue that, even if unambiguous, the policy's requirement of mandatory arbitration is unconscionable. Courts recognize two species of unconscionability: procedural unconscionability and substantive unconscionability. *See Cotchett, Prie & McCarthy v. Universal Paragon Corp.*, 187 Cal. App. 4th 1405, 1419 (2010). Procedural unconscionability pertains to the process by which an agreement is reached and the form of an agreement. A procedural unconscionability analysis typically focuses on two factors: oppression and surprise by the party contesting the agreement. *Bruni v. Didion*, 160 Cal.App.4th 1272, 1288 (2008). Substantive unconscionability exists where terms unreasonably favor one party, creating "overly harsh" results that "shock the conscience." *Id.* at 1289. Neither type of unconscionability exists here.

"[A] party opposing the petition [to compel] arbitration bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." *Guiliano v. Inland Empire Personnel, Inc.,* 149 Cal.App.4th 1276, 1284 (2007). This includes the defense of unconscionability. *See Cronin v. Monex Deposit Co.*, 2009 WL 412023 at *7. Plaintiffs have not met this burden.

Regarding procedural unconscionability, Plaintiffs rests their argument on the grounds that the policy at issue was a contract of adhesion. Although contracts of adhesion often prove procedurally unconscionable, there is no automatic rule forbidding adhesion contracts on unconscionability grounds. In particular, "there can be no oppression establishing procedural unconscionability, even assuming unequal bargaining power and an adhesion contract, when the customer has meaningful choices." *Wayne v. Staples, Inc*., 135 Cal.App.4th 466, 482 (2006). Plaintiffs have failed to show – or even allege – that a choice of insurance carriers did not exist. Moreover, Plaintiffs appear to be relatively sophisticated business organizations. In light of this, Plaintiffs have not shown that the arbitration provision is oppressive. Plaintiffs have done even less to indicate that the provision caused surprise.

Nor have Plaintiffs made a case for substantive unconscionability. Plaintiffs base the claim of substantive unconscionability on the allegation that the arbitration provision precludes the award of injunctive relief, punitive damages and attorneys fees. First, Plaintiffs appear to be mistaken in the claim that the arbitration provision precludes injunctive relief. As Defendants point out, the provision states only that the arbitrator "may not award punitive, multiple or exemplary damages or attorneys fees." Injunctive relief is not mentioned. Moreover, as Defendants note, even the stated exclusion of punitive damages and attorneys fees is subject to interpretation by the arbitrator, who may decide that a legal basis exists for refusing to enforce these provisions. *See Monex Deposit Co. v. Gilliam*, 616 F. Supp. 2d 1023, 1026 (C.D. Cal. 2009).

The possible exclusion of punitive damages and attorneys fees is not unconscionable in this case. Courts typically have found exclusions of attorneys fees and punitive damages unconscionable when the right a plaintiff seeks to vindicate helps to enforce "public policies that are carefully tethered to fundamental policies delineated in constitutional or statutory provisions." *Boghos*, 36 Cal. 4th at 506 (holding, for instance, that waivers of remedies in mandatory arbitration of employee-employer disputes are unconscionable). This is not the situation here. *See id.* at 506-07 (declining to find unconscionability due to limitation of remedies in a similar insurer-insured dispute). Plaintiffs have not shown that the arbitration provision is unconscionable.

### Arbitration Should Be Compelled For Plaintiffs' Claims Against All Defendants

Having found the arbitration provision to be enforceable, the Court must now address the provision's applicability to Defendants AIG and Chartis. The policy at issue in this case was entered into between Plaintiffs and Defendant AISLIC. Defendants AIG and Chartis are not signatories to the policy. However, in certain circumstances, "a non-signatory to a contract containing an arbitration provision can compel arbitration under an equitable estoppel theory." *ValueSelling Associates, LLC v. Temple.*, 2009 WL 3736264 at *6 (S.D. Cal. 2009) (citing *Long v. Silver*, 248 F.3d 309, 320-21 (4th Cir. 2001). *See also Allianz Global Risk U.S. Ins. Co. v. General Elec. Co.*, 2010 WL 749876 (C.D. Cal. 2010); *Reddam v. KPMG LLP*, 2004 WL 3761875, at *5 (C.D. Cal. 2004); *Choctaw Generation Ltd. Partnership v. American Home Assur. Co.*, 271 F.3d 403, 407 (2nd Cir.2001). "Under this theory, a plaintiff cannot invoke an agreement and claim the benefit of his status under it while attempting to escape its consequences." *Temple*, 2009 WL 3736264 at *6. With respect to the specific issue of arbitration clauses, "a non-signatory can compel a signatory to arbitrate a dispute where 'the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.'" *Allianz Global Risk U.S. Ins. Co. v. General Elec. Co.*, 2010 WL 749876 at *3 (C.D. Cal. 2010) (quoting *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009)). In this case, Plaintiffs' claims, including those against AIG and Chartis, invoke the benefits of the insurance policy and involve issues that are intertwined with the policy agreement. Defendants AIG and Chartis thus may compel compliance with the policy's arbitration provision.

On the other hand, Plaintiffs correctly note that non-signatories AIG and Chartis cannot

themselves be required to arbitrate. With the instant Motion, the Defendants AIG and Chartis seek to *compel* arbitration. Given this, it would be odd indeed to assume that these Defendants are not *willing* to engage in arbitration. In an abundance of caution, however, and to ensure the fairness of the proceedings, the Court conditions its grant of Defendants' Motion on Defendants AIG and Chartis agreeing to submit to the jurisdiction of the arbitrator.

### VI. DISPOSITION

For the reasons stated above, Defendants' Motion to Compel Arbitration and For Stay of Case is GRANTED.

This matter is inactivated statistically and all pending matters are not stayed and/or taken off calendar. The parties shall notify the Court within (7) days of the conclusion of arbitration and inform the Court that this case should be closed or, if appropriate, restored to the Court's active caseload.

The Clerk shall serve this minute order on all parties to the action.